IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JASON BROWN, DANIEL STADELMANN, LYNN BROWN, ROBERT L. BROWN, <br><br> Plaintiffs, <br><br> vs. <br><br> POWER BLOCK COIN, LLC, AARON TILTON, <br><br> Defendants, | 2:23-CV-00554-CRE |

### MEMORANDUM AND ORDER[1]

CYNTHIA REED EDDY, United States Magistrate Judge.

### I.   INTRODUCTION

This civil action was filed on April 3, 2023 by Plaintiffs Jason Brown, Daniel Stadelmann, Lynn Brown, and Robert L. Brown (collectively "Plaintiffs") against Defendants Power Block Coin, LLC d/b/a SmartFi, a cryptocurrency company and Aaron Tilton, its founder and CEO (collectively "SmartFi"), alleging that Defendants failed to honor a buyback agreement for Plaintiffs' investment in SmartFi's cryptocurrency and seek the return of $1,868,261.46 invested with SmartFi. Plaintiffs bring a breach of contract claim (Count I), a fraud in the inducement claim (Count II), a negligent misrepresentation claim (Count III), claims for violations of the 1933 Securities Act, 15 U.S.C. § 771 (Counts IV, XI), claims for violations of the Securities Exchange

---

[1] Motions to compel arbitration are non-dispositive motions under 28 U.S.C. § 636(b). *See Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133–34 (3d Cir. 2014) ("motions to compel arbitration and stay the proceedings" are not dispositive motions and there is "no exercise of Article III power when a Magistrate Judge rules on a motion to compel arbitration.").

Act, 15 U.S.C. § 78j(b) (Counts V, XI), claims for violations of the Pennsylvania Securities Act of 1972, 70 P.S. §§ 1-401, 1-501, 1-201, 1-502, 1-503 (Counts VI, VIII, X), claims for violations of the Utah Uniform Securities Act, Utah Code Ann. § 61-1-1 (Counts VII, IX), an unjust enrichment claim (Count XII), a conversion claim (Count XIII), a trespass to chattel claim (Count XIV) and a claim for declaratory relief (Count XV).

Presently before the Court is a motion to compel arbitration by SmartFi pursuant to Federal Rule of Civil Procedure 12(b)(6)[2] (ECF No. 15).  The motion is fully briefed and ripe for consideration. (ECF Nos. 18, 4, 25).  The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because the parties are of diverse citizenship and the amount in controversy exceeds the statutory amount, and under 28 U.S.C. §§ 1331 and 1367.

For the reasons that follow, Defendants' motion to compel arbitration is denied without prejudice to refile upon the completion of limited discovery related to the arbitrability of Plaintiffs' claims.

## II.   BACKGROUND

The crux of Plaintiffs' complaint involves a contractual dispute between Plaintiffs and SmartFi regarding a contractual right to a buyback guarantee for Plaintiffs' investment in SmartFi's cryptocurrency.  SmartFi offers loans in which borrowers receive money from SmartFi in exchange for posting cryptocurrency, including Bitcoin, as collateral. Am. Compl. (ECF No. 12) at ¶ 16.  SmartFi advertised that it would begin to sell SmartFi tokens called "SMTF" to the public and that these tokens were designed to be "speculative" and tied to SmartFi's success. *Id*. at ¶ 17.  SmartFi stated that it would raise funds by selling SMTF tokens to customers in exchange

---

[2]   Alternatively, SmartFi moves to dismiss the complaint for failure to state a claim.  No decision will be made as to the substance of Plaintiffs' claims until the arbitration issue is resolved.

for USDC stablecoin or United States Dollars, and therefore raised money from users by selling SMTF and loaned that money to borrowers, whom it charged interest. *Id*. at ¶¶ 18-19.  Plaintiffs allege that before deciding to purchase SmartFi's cryptocurrency, that they relied on SmartFi's promise in presentations, webcasts, and conversations that the purchase of SMTF tokens came with a 100% buyback guarantee after 12 months. *Id*. at ¶ 27.  Therefore, Plaintiffs believed that their investment in SmartFi would, if requested, be fully refunded by SmartFi, and they would be able to get their investment back even if SMTF's value did not appreciate. *Id*. at ¶ 30.  Plaintiffs collectively purchased $1,858,261.46 in SMTF tokens. *Id*. at ¶ 90.  After waiting one year, Plaintiffs requested a buyback of their SMTF tokens and SmartFi has ignored and/or refused their request. *Id*. at ¶¶ 95-96.

SmartFi claims that its website where Plaintiffs purchased the SMTF tokens contains terms and conditions, including an arbitration agreement that provides as follows:

> If we cannot resolve the dispute through the Formal Complaint Process, you and we agree that any dispute arising out of or relating to these Terms or the Services, including, without limitation, federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation, or any other legal theory, shall be resolved through binding arbitration, on an individual basis (the "Arbitration Agreement"). . . . Arbitration shall be conducted in accordance with the American Arbitration Association's rules for arbitration of consumer-represent disputes (accessible here).
>
> This Arbitration Agreement includes, without limitation, disputes arising out of or related to the interpretation or application of the Arbitration Agreement, including the enforceability, revocability, scope, or validity of the Arbitration Agreement or any portion of the Arbitration Agreement. All such matters shall be decided by an arbitrator and not by a court or judge.

SmartFi's Br. (ECF No. 18) at 10-11.  Therefore, SmartFi argues that this case should be compelled to arbitration.

Plaintiffs respond that the arbitration provision is unenforceable under Pennsylvania law because under Pennsylvania law, an agreement to arbitrate must explicitly include in its terms that the user is waiving their right to a jury trial, and because the SmartFi Arbitration Agreement does not include such language, it is void. Plaintiffs also argue that there are disputes of fact regarding what arbitration provision applies and whether Plaintiffs agreed to arbitrate.

## III. DISCUSSION

### a. Motion to Compel Arbitration

While SmartFi argues that the standard set forth in Federal Rule of Civil Procedure 12(b)(6) should be applied to decide this motion to compel arbitration, when determining whether a valid arbitration agreement exists, courts must initially determine whether to apply the standard set forth in Rule 12(b)(6) or the summary judgment standard set forth in Rule 56. *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 771–76 (3d Cir. 2013). In so deciding, courts apply the following framework:

> [W]hen it is apparent, based on "the face of a complaint, and documents relied upon in the complaint," that certain of a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question." After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

*Guidotti*, 716 F.3d at 776 (citations omitted). "The centerpiece of that framework is whether the existence of a valid agreement to arbitrate is apparent from the face of the complaint or incorporated documents." *Singh v. Uber Techs. Inc.*, 939 F.3d 210, 218 (3d Cir. 2019) (citing *Guidotti*, 716 F.3d at 774–76). While "the enforceability of web-based agreements will often

4

depend on a 'fact-intensive inquiry,' the Court may determine that a web-based agreement to arbitrate exists where notice of the agreement was 'reasonably conspicuous and manifestation of assent unambiguous as a matter of law.' " *HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 331 (W.D. Pa. 2020) (quoting *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 76 (2d Cir. 2017)).

Here, the summary judgment standard must apply to the motion to compel arbitration because it is not apparent from the face of the complaint, or documents attached thereto that a valid arbitration agreement exists. SmartFi has only included by reference in its brief the text of the alleged arbitration agreement, and has not included, for example, any screen shots of the webpage in which this arbitration agreement is included, or any signature page in which Plaintiffs assented to these terms.[3] Moreover, it is unknown whether the arbitration provision was included in a click-wrap or browse-wrap agreement, or whether the provision was included elsewhere during the purchasing process. Plaintiffs have also raised sufficient facts to place the agreement to arbitrate in issue. Plaintiffs point out that they have reason to believe that the terms set forth on SmartFi's website were changed following their purchase of SMTF tokens such that it is not possible to know whether the Arbitration Agreement was even part of the website when Plaintiffs' purchased their SMTF, that SmartFi has not registered its arbitration clause with the American Arbitration Association ("AAA"), and that Plaintiffs Jason Brown and Stadelmann did not purchase their tokens on the SmartFi website, so they would not be subject to its Terms of Use provision. It

---

[3] Even if SmartFi included this information in its brief, the issues would still have to be decided after a period of discovery to afford Plaintiffs the opportunity to conduct discovery as to the veracity of SmartFi's assertions. Generally, materials attached to a motion to compel arbitration should not be considered under the Rule 12(b)(6) standard. *Hosang v. Midland Credit Mgmt., Inc.*, No. 19CV21740BRMJAD, 2020 WL 8366284, at *3 (D.N.J. Dec. 15, 2020), report and recommendation adopted, No. CV2:19-21740 (BRM/JAD), 2021 WL 307544 (D.N.J. Jan. 29, 2021); *Powell v. Midland Credit Mgmt., Inc.*, No. CV2119836KMWMJS, 2022 WL 3681257, at *4 (D.N.J. Aug. 25, 2022); *Nicasio v. L. Offs. of Faloni & Assocs., LLC*, No. 2:16-0474 (WJM), 2016 WL 7105928 (D.N.J. Dec. 5, 2016), at *2 (citing *Guidotti*, 716 F.3d at 774).

would therefore be improper for the Court to consider these allegations without record evidence supporting them, and the Court cannot make the determination at this juncture as to whether an agreement to arbitration existed, or whether Plaintiffs unambiguously assented to the terms as a matter of law. *See Meyer*, 868 F.3d at 76. "Because the question of arbitrability cannot be resolved without considering evidence extraneous to the pleadings, it would be inappropriate to apply a Rule 12(b)(6) standard in deciding the instant motion." *Torres v. Rushmore Serv. Ctr., LLC*, No. CV189236SDWLDW, 2018 WL 5669175, at *2 (D.N.J. Oct. 31, 2018). Therefore, the parties should be afforded the opportunity to conduct discovery to determine the arbitrability of this matter.

Based on the foregoing, SmartFi's motion to compel arbitration is denied without prejudice to refile once the parties have completed limited discovery on the arbitrability of Plaintiffs' claims. An appropriate Order follows.

**ORDER**

AND NOW, this 4th day of April, 2024, it is hereby ORDERED that SmartFi's motion to compel arbitration (ECF No. 15) is denied without prejudice to refile after the parties have conducted limited discovery into the arbitrability of Plaintiffs' claims.

IT IS FURTHER ORDERED that discovery for this limited purpose shall be concluded by **May 6, 2024**. SmartFi's renewed motion to compel arbitration is due by **June 6, 2024** with brief limited to fifteen (15) pages.[4] Plaintiffs' response is due by **July 8, 2024** with brief limited to fifteen (15) pages. SmartFi's reply is due by **July 22, 2024** with brief limited to five (5) pages.

---

[4] Alternatively, if discovery reveals that the arbitration agreement does not apply, SmartFi may renew its motion to dismiss for failure to state a claim by that same date.

                                BY THE COURT:

                                s/Cynthia Reed Eddy
                                United States Magistrate Judge


cc:      counsel of record *via CM/ECF electronic filing*